UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GLYNDA VITTER

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-230-SDD-EWD

*************************************************************************

SALLY FRASER

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-231-BAJ-EWD

*************************************************************************

CHERYL HUFFMAN

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-233-JWD-EWD

*************************************************************************

CHRISTINE AUTIN

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-234-SDD-RLB

*************************************************************************

SHAVONTAIE BROUSSARD

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-240-SDD-EWD

*************************************************************************

1

Judicial District Courts - Certified

RONALD FALGOUT, ET AL.

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-242-SDD-EWD

******************************************************************

MAJEED ALSIKAFI

VERSUS

ANCO INSULATIONS, INC, ET AL.

CIVIL ACTION

NO. 19-244-SDD-EWD

******************************************************************

PATRICIA EATON, ET AL.

VERSUS

BRENNTAG NORTH AMERICA, INC., ET AL.

CIVIL ACTION

NO. 19-250-BAJ-JW

******************************************************************

DONALD A. STRAIN, JR., ET AL

VERSUS

EAST BATON ROUGE PARISH SCHOOL BOARD, ET AL.

CIVIL ACTION

NO. 19-253-JWD-EWD

******************************************************************

BRENDA JONES

VERSUS

JOHNSON & JOHNSON, ET AL.

CIVIL ACTION

NO. 19-255-SDD-RLB

******************************************************************

# ORDER REMANDING STATE COURT TALC ACTIONS PURSUANT TO 28 U.S.C. § 1452(B)

Before the Court are various state court actions wherein plaintiffs allege damages stemming from exposure to asbestos-containing products including talc (the "State Court Talc Actions").[1] A similar action, *Sandra Cortez v. Johnson & Johnson, et al.*, 19-232-BAJ-RLB, was remanded by this Court on June 21, 2019 pursuant to 28 U.S.C. § 1452(b) based on equitable grounds.[2] For the reasons set forth herein, the Court remands the remaining State Court Talc Actions based on equitable considerations pursuant to 28 U.S.C. § 1452(b).

In April 2019, Johnson & Johnson and Johnson & Johnson Consumer Inc. (collectively, "J&J") removed the State Court Talc Actions. J&J's removals were based solely on the premise

---

[1] *Glynda Vitter v. Johnson & Johnson; Johnson & Johnson Consumer, Inc.; K&B Louisiana Corporation*, 19-230-SDD-EWD; *Sally Fraser, individually and o/b/o Ione Shaw, deceased v. Johnson & Johnson; Johnson & Johnson Consumer Inc.; Imerys Talc America, Inc.; K&B Louisiana Corporation; Schwegmann Westside Expressway, Inc.*, 19-231-BAJ-EWD; *Cheryl Huffman v. Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc.; Imerys Talc America, Inc.; K&B Louisiana Corporation*, 19-233-JWD-EWD; *Christine Autin v. Johnson & Johnson; Johnson & Johnson Consumer, Inc.; Imerys Talc America, Inc.; K&B Louisiana Corporation*, 19-234-SDD-RLB; *Shavontaie Broussard v. Johnson & Johnson; Johnson & Johnson Consumer, Inc.; Imerys Talc America, Inc; K&B Louisiana Corporation*, 19-240-SDD-EWD; *Ronald Falgout, Chad Falgout v. Johnson & Johnson; Johnson & Johnson Consumer Companies, Inc; K&B Louisiana Corporation; Imerys Talc America, Inc.; ABC Company; XYZ Insurance Company*, 19-242-SDD-EWD; *Majeed Alsikafi v. ANCO Insulations, Inc.; Taylor-Seidenbach, Inc.; McCarty Corporation; Eagle, Inc.; Union Carbide Corporation; Chevron Phillips Chemical Company; Chevron Phillips Chemical Company, LP; Exxon Mobil Oil Corporation; Honeywell International, Inc.; State of Louisiana through the Board of Supervisors of Louisiana State Agricultural and Mechanical College; Metropolitan Life Insurance Co., Inc.; Sears, Roebuck and Company; The Sherwin-Williams Company; Certaineed Corporation; Johnson & Johnson; Chevron USA, Inc.; Imerys Talc America, Inc.*, 19-244-SDD-EWD; *Patricia Eaton, Yvonne Koelzer, and Williams Stewart, III, individually and o/b/o Marie Colley v. Brenntag North America, Inc.; Brenntag Specialties, Inc.; Clinique Laboratories, LLC; ExxonMobil Oil Corporation; Huntsman Petrochemical Corporation; Sears Roebuck & Co.; Shell Oil Company; Colgate Palmolive Company; Georgia-Pacific, LLC; Union Carbide Corporation; Johnson & Johnson; Johnson & Johnson Consumer, Inc.; Avon Products, Inc.; Halston Fragrances, Inc.; Yardley & Company Ltd.; Parfums de Coeur, Ltd.; Sam Broussard Trucking Co., Inc.; Coty US Inc.; Coty Inc.; Pfizer, Inc.; Imerys Talc America, Inc.; Estee Lauder, Inc.; The Proctor & Gamble Manufacturing Company; Cyprus Amax Minerals Company; Whitaker Clark & Daniels, Inc.; Riley-Benton Company, Inc.*, 19-250-BAJ-JW; *Donald A Strain, Jr.; Pamela S. Ray; Scott O. Strain; Fran S. Bolton; individually and o/b/o their late mother, Elizabeth Strain v. East Baton Rouge Parish School Board; ExxonMobil Corporation; Reilly-Benton Co., Inc.; Johnson & Johnson; Johnson & Johnson Consumer, Inc.; Imerys Talc America, Inc.; K&B Louisiana Corporation*, 19-253-JWD-EWD; *Brenda Jones v. Johnson & Johnson; Johnson & Johnson Consumer, Inc.; Imerys Talc America, Inc; K&B Louisiana Corporation*, 19-255-SDD-RLB.

[2] 19-232-BAJ-RLB, R. Doc. 21.

3

that this Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b) because the cases "related to" a February 13, 2019 bankruptcy petition filed by J&J's talc supplier, Imerys Talc America, Inc. ("Imerys").[3] In all but one of the State Court Talc Actions, Motions to Remand are pending wherein plaintiffs assert, *inter alia*, that these suits should be remanded based on equitable considerations.[4] J&J has opposed the various Motions to Remand.[5] In *Eaton*, 19-250-BAJ-JW, although no motion to remand has been filed, this Court ordered J&J to show cause why the action should not be remanded under § 1452(b).[6] J&J submitted a written response to that show cause order on June 26, 2019.[7]

Where a suit has been removed to federal district court under 28 U.S.C. § 1334 (bankruptcy cases and proceedings), 28 U.S.C. § 1452(b) provides:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of

---

[3] Imerys is a named defendant in all of the State Court Talc Actions except *Vitter*, 19-230-SDD-EWD, which was filed after the February 13, 2019 Imerys bankruptcy. Any claims against Imerys have been stayed by the bankruptcy filing. *See*, 11 U.S.C. § 362.

[4] *See*, *Vitter*, 19-230-SDD-EWD, R. Doc. 10; *Fraser*, 19-231-BAJ-EWD, R. Doc. 11; *Huffman*, 19-233-JWD-EWD, R. Docs. 9 & 14; *Autin*, 19-234-SDD-RLB, R. Doc. 8; *Broussard*, 19-240-SDD-EWD, R. Docs. 8 & 13; *Falgout*, 19-242-SDD-EWD, R. Docs. 8 & 13; *Alsikafi*, 19-244-SDD-EWD, R. Doc. 13; *Strain*, 19-253-JWD-EWD, R. Doc. 8; *Jones*, 19-255-SDD-RLB, R. Docs 8 & 13. Because the Court finds that the equities dictate remand of the State Court Talc Actions, it is not necessary to reach plaintiffs' other arguments in support of remand, including plaintiffs' assertion that this Court lacks "related to" federal subject matter jurisdiction.

[5] *Vitter*, 19-230-SDD-EWD, R. Doc. 21; *Fraser*, 19-231-BAJ-EWD, R. Doc. 14; *Huffman*, 19-233-JWD-EWD, R. Doc. 18; *Autin*, 19-234-SDD-RLB, R. Doc. 18; *Broussard*, 19-240-SDD-EWD, R. Doc. 16; *Falgout*, 19-242-SDD-EWD, R. Doc. 16; *Alsikafi*, 19-244-SDD-EWD, R. Doc. 18; *Strain*, 19-253-JWD-EWD, R. Doc. 18; *Jones*, 19-255-SDD-RLB, R. Doc. 17.

[6] 19-250-BAJ-JW, R. Doc. 9. "[E]quitable remand may be raised *sua sponte* by a court notwithstanding the absence of a motion to remand by any party." *In re: Various Removed State Court Actions against inter alia, Johnson & Johnson*, 2019 WL 2497856, at * 3 (S.D.N.Y. June 4, 2019) (quoting *Little Rest Twelve, Inc. v. Visan*, 458 B.R. 44, 61 (S.D.N.Y. 2011)). *See also*, *In re Performance Interconnect Corp.*, Bankruptcy No. 06-34492, 2007 WL 2088281, at * 4 (N.D. Tex. July 19, 2007) ("this Court could decide, *sua sponte*, to remand under 28 U.S.C. § 1452(b) if it concluded that an equitable remand was appropriate here.") (citing *Smith v. Wal-Mart Stores, Inc.*, 305 F.Supp.2d 652, 658 n. 9 (S.D. Miss. 2003) ("Although mandatory abstention requires that a timely motion be made by a party, see 28 U.S.C. § 1334(c)(2), permissive or discretionary abstention under § 1334(c)(1) may be raised by the court sua sponte, *Matter of Gober*, 100 F.3d 1195, 1207 n. 10 (5th Cir. 1996), as may equitable remand under § 1452(b), which imposes no requirement of a motion by a party.").

[7] 19-250-BAJ-JW, R. Doc. 10.

action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

"Section 1452(b)'s 'any equitable ground' remand standard is an unusually broad grant of authority."[8] As explained by one district court:

> In determining whether equitable grounds exist to remand an action removed under Section 1452(a), courts consider several factors, including the extent to which state law issues predominate over bankruptcy issues, whether the applicable law involves difficult or unsettled issues, whether any basis for jurisdiction other than Section 1334 exists, comity and respect for state law decision-making capabilities, the degree of relatedness of the state proceeding to the bankruptcy case, the likelihood that either party is engaging in forum shopping, the existence of a right to a jury trial, the burden on the bankruptcy court's docket, the feasibility of allowing judgments to be entered in state court while leaving enforcement to the bankruptcy court, the impact of remand on the administration of the debtor's bankruptcy case, and the possibility of prejudice to the parties in the action.[9]

"Because Section 1452(b) affords 'an unusually broad grant of authority,' any one of the relevant factors may provide a sufficient basis for equitable remand."[10] Based on these factors, courts around the country have remanded J&J talc cases based on equitable considerations.[11] In addition

---

[8] *Removed State Court Talc Actions v. Johnson & Johnson*, 2019 WL 2191808, at * 2 (C.D. Cal. May 21, 2019) (*McCarthy v. Prince*, 230 B.R. 414, 417 (B.A.P. 9th Cir. 1999)).

[9] *Id.* (citing *In re Cedar Funding, Inc.*, 419 B.R. 807, 820 n.18 (B.A.P. 9th Cir. 2009) (citing *In re Enron Corp.*, 296 B.R. 505, 508 n. 2 (Bankr. C.D. Cal. 2003)).

[10] *Id.* (citing *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 310 (Bankr. C.D. Cal. 2010) (citation omitted)). *See also, Browning v. Navarro*, 743 F.2d 1069, 1076, n. 21 (5th Cir. 1984) (grounds for remand include (1) forum non conveniens; (2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) a holding that a state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result).

[11] *See, id* (remanding 42 talc cases pursuant to Section 1452(b) because actions "are state law actions at their core" and part of "statewide coordinated proceedings of similar personal injury and wrongful death lawsuits;" many of the claims had been pending for years and had been substantially litigated; there was no basis for federal subject matter jurisdiction other than J&J's "related to" bankruptcy theory; "[t]he degree of relatedness between the plaintiffs' claims and Imerys's bankruptcy proceeding does not appear strong;" plaintiffs' right to jury trial "would be substantially prejudiced if their actions are not remanded," J&J's removals resulted in some plaintiffs losing imminent trial dates

to this Court's remand pursuant to § 1452(b) in *Cortez*,[12] the Eastern District of Louisiana recently remanded a J&J talc case based on equitable factors.[13]

Here, the earliest State Court Talc Action was filed on March 24, 2016[14] and certain other of the Actions were pending in state court for many months prior to J&J's removal.[15] Although all of the Actions were removed solely based on "related to" bankruptcy jurisdiction, many plaintiffs allege other exposures to asbestos (in addition to talc) and name other, unrelated defendants.[16] The State Court Talc Actions raise only state law claims. There is no basis for federal jurisdiction other than the asserted connection to Imerys's bankruptcy and, as noted by many other courts that have

---

and "regardless of whether a trial had been scheduled, the parties had conducted discovery, deposed witnesses, and engaged in motion practice all in accordance with California state law and procedure;" and remand would not cause J&J or Imerys serious prejudice); *In re: Various Removed State Court Actions against inter alia, Johnson & Johnson*, 2019 WL 2497856 (S.D.N.Y. June 4, 2019) (remanding 26 suits on equitable grounds "[f]or the same reasons discussed by the multitude of courts that have chosen to remand the J&J talc-related cases" and explaining the actions involve state law questions that "are not basic negligence and product liability claims – they are claims related to asbestos, which receive unique treatment in state court," retaining jurisdiction would be prejudicial to plaintiffs (who had been litigating in state court for over a year and for whom trial was close) and inefficient for the courts, and J&J would not suffer any prejudice if suits remanded); *In re: Imerys Talc America, Inc.*, 2019 WL 2575048 (W.D. Ok. Bankr. June 21, 2019) (remanding under 1452(b) because (1) "there is no evidence before the Court indicating that the potential indemnification and/or insurance claims (which J&J has apparently not even made a claim for in the bankruptcy) would even affect the bankruptcy estate;" (2) "this negligence/product liability action is one in which state law issues predominate over bankruptcy issues;" (3) "there is no jurisdictional basis other than 28 U.S.C. § 1334, and this Court has held that no 'related to' jurisdiction exists;" (4) "there are numerous non-debtor party defendants other than J&J who would be affected by removal;" (5) "remand of this case is unlikely to prejudice J&J as more than 300 other cases against it have already been remanded" and (6) if not remanded, "the individual Plaintiff faces the possibility of trial in a remote forum in Delaware."); *Levin v. Johnson & Johnson*, Case No. 3:19-cv-590, 2019 WL 2505033, at * 2 (D. Or. June 17, 2019) (explaining that the "Court has also reviewed several, though not all, of the 346 cases where courts have ordered or recommended remand of cases filed by plaintiffs who have gotten sick after using J&J's talc products" and remanding because "equitable factors strongly favor remand. This action will have limited effect on the pending bankruptcy proceedings of J&J's talc suppliers and the debtors in those proceedings are not parties in this case. Plaintiff's right to a jury trial would be substantially prejudiced if her case is not remanded. Her claims rest exclusively on state law. Additionally, several co-defendants have already been remanded to state court and judicial economy and resources weigh against bifurcation.").

[12] 19-232-BAJ-RLB, R. Doc. 21.

[13] *Cathy M. Jackson v. Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.*, United States District Court, Eastern District of Louisiana, Civil Action No. 19-9983-MLCF-KWR, R. Doc. 10.

[14] *Strain*, 19-253-JWD-EWD.

[15] *See, Eaton*, 19-250-BAJ-JW (state court petition filed April 17, 2017); *Huffman*, 19-233-JWD-EWD (state court petition filed January 8, 2018); *Fraser*, 19-231-BAJ-EWD (state court petition filed February 16, 2018).

[16] *See, Alsikafi*, 19-244-SDD-EWD; *Eaton*, 19-250-BAJ-JW; *Strain*, 19-253-JWD-EWD.

considered the issue, "[t]he degree of relatedness between the plaintiffs' claims and Imerys's bankruptcy proceeding does not appear strong."[17] Although J&J asserts in its Notices of Removal that it has filed a Motion to Fix Venue in the United States District Court for the District of Delaware and that J&J seeks to "centralize the adjudication of claims"[18] against it, the Court finds that J&J will suffer no prejudice if these suits are remanded.[19] Conversely, prejudice to the involuntarily removed parties (*i.e.*, plaintiffs and the defendants other than J&J) favors remand.[20]

Accordingly,

For the reasons set forth herein, the Court finds that equitable considerations are dispositive and orders remand pursuant to 28 U.S.C. § 1452(b).

---

[17] *Removed State Court Talc Actions v. Johnson & Johnson*, 2019 WL 2191808, at * 3. *See also*, *Cathy M. Jackson v. Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.*, United States District Court, Eastern District of Louisiana, Civil Action No. 19-9983-MLCF-KWR, R. Doc. 10, p. 9 ("the connection to the bankruptcy proceedings is not sufficiently strong as to outweigh the equitable considerations supporting remand."); *In re: Various Removed State Court Actions against inter alia, Johnson & Johnson*, 2019 WL 2497856, at * 4 ("J&J has taken inconsistent positions with respect to the impact of the Imerys indemnification and insurance agreements, denying the relevance of these agreements in past proceedings.").

[18] *See*, Notices of Removal in State Court Talc Actions, R. Doc. 1, pp. 2-5. The Motion to Fix Venue is still pending. *In re Imerys Talc America, Inc.*, 19-mc-103-MN, R. Doc. 1.

[19] *See*, *Cathy M. Jackson v. Johnson & Johnson and Johnson & Johnson Consumer Companies, Inc.*, United States District Court, Eastern District of Louisiana, Civil Action No. 19-9983-MLCF-KWR, R. Doc. 10, p. 10 (explaining that if the Motion to Fix Venue is granted, "the claims will be transferred even if they have been remanded to state court."); *In re: Various Removed State Court Actions against inter alia, Johnson & Johnson*, 2019 WL 2497856, at * 4 ("the cases do not have to be in federal court in order to be transferred to Delaware – a motion to fix venue can be directed to cases pending in state court as well.").

[20] *See*, *Removed State Court Talc Actions v. Johnson & Johnson*, 2019 WL 2191808, at * 3 ("The plaintiffs' right to a jury trial would be substantially prejudiced if their actions are not remanded. Although Imerys filed for bankruptcy on February 13, 2019, Johnson & Johnson waited until late April to remove these actions to federal court. As a result, some plaintiffs lost imminent trial dates. Regardless of whether a trial had been scheduled, the parties had conducted discovery, deposed witnesses, and engaged in motion practice all in accordance with California state law and procedure. Now Johnson & Johnson asks these plaintiffs who have diligently been litigating their claims in state court to travel to a distant and inconvenient forum where much of the parties' efforts will have to be duplicated. Resolution or trial of their claims will be delayed by months or even years. With the plaintiffs' health on the line, many do not have time for further delay."); *In re: Imerys Talc America, Inc.*, 2019 WL 2575048, at * 5 ("there are numerous non-debtor party defendants other than J & J who would be affected by removal"). Also, as noted by this Court in *Cortez*, 19-232-BAJ-RLB, R. Doc. 21, in Louisiana a terminally ill plaintiff can request an expedited trial date, which would not be available in bankruptcy court.

**IT IS HEREBY ORDERED** that plaintiffs' Motions to Remand in the State Court Talc Actions[21] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Court *sua sponte*, **REMANDS** *Eaton, et al. v. Brenntag North America, et al.*, No. 19-250-BAJ-JW.

Signed in Baton Rouge, Louisiana on July 8, 2019.

_____
HONORABLE SHELLY D. DICK
Chief United States District Judge
Middle District of Louisiana

_____
HONORABLE BRIAN A. JACKSON
United States District Judge
Middle District of Louisiana

_____
HONORABLE JOHN W. deGRAVELLES
United States District Judge
Middle District of Louisiana

---

[21] *Vitter*, 19-230-SDD-EWD, R. Doc. 10; *Fraser*, 19-231-BAJ-EWD, R. Doc. 11; *Huffman*, 19-233-JWD-EWD, R. Doc. 9; *Autin*, 19-234-SDD-RLB, R. Doc. 8; *Broussard*, 19-240-SDD-EWD, R. Doc. 8; *Falgout*, 19-242-SDD-EWD, R. Doc. 8; *Alsikafi*, 19-244-SDD-EWD, R. Doc. 13; *Strain*, 19-253-JWD-EWD, R. Doc. 8; *Jones*, 19-255-SDD-RLB, R. Doc 8.